IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
LUFKIN DIVISION

| | | |
|---|---|---|
| DENZEL LORENZO DUANY MEJIAS,<br><br>*Petitioner*,<br><br>V.<br><br>ALEXANDER SANCHEZ, in his official capacity as Warden of IAH Polk Adult Detention Facility, BRET BRADFORD, in his official capacity as Field Office Director of ICE Enforcement and Removal Operations Houston Field Office; MARKWAYNE MULLIN, in his official capacity as Secretary of the Department of Homeland Security; TODD BLANCHE, in his official capacity as Acting Attorney General of the United States,<br><br>*Respondents*. | § § § § § § § § § § § § § § § § § § § § | CIVIL ACTION NO. 9:26-CV-00314<br>JUDGE MICHAEL J. TRUNCALE |

**ORDER DENYING PETITION FOR WRIT OF HABEAS CORPUS**

Before the Court is Petitioner Denzel Lorenzo Duany Mejias (Mejias)'s Petition for Writ of Habeas Corpus (the Petition) [Dkt. 1]. For the following reasons, the Petition is **DENIED**.

## I. BACKGROUND

Petitioner Denzel Lorenzo Duany Mejias entered the United States illegally in August 2024. *See* [Dkt. 1 at ¶ 4]. In January 2026, United States Immigration and Customs Enforcement (ICE) detained Mejias. *Id*. at ¶ 8.

On May 1, 2026, Mejias brought a habeas corpus petition, claiming that his detention violates the Immigration and Nationality Act, the Administrative Procedure Act, and the Fifth Amendment to the United States Constitution. [Dkt. 1].

## II. LEGAL STANDARD

Habeas petitions under 28 U.S.C. § 2241 serve the "sole function" of challenging the legal

basis for the petitioner's detention. *Pierre v. U.S.*, 525 F.2d 933, 935–36 (5th Cir. 1976). Section 2241 entitles five classes of prisoners to habeas relief, including prisoners held "in violation of the Constitution or laws, or treaties of the United States." 28 U.S.C. § 2241(c)(3). In a habeas proceeding, the petitioner bears the burden of proof and must demonstrate by a preponderance of the evidence that he is being held unlawfully. *Villanueva v. Tate*, No. H-25-3364, 2025 WL 2774610 at *4 (S.D. Tex. Sep. 26, 2025).

## III. DISCUSSION

### A. Due Process

Mejias argues that the Government violated procedural due process by failing to provide him with a bond hearing before an immigration judge. *See* [Dkt. 1 at ¶ 42]. Even if Mejias were correct, he still would not be entitled to habeas relief. *See Carson v. Johnson*, 112 F.3d 818, 820–21 (5th Cir. 1997) (Smith, J.). Mejias's due-process argument is not based on the illegality of his confinement itself, but on the illegality of the Government's failure to provide a bond hearing. *See* [Dkt. 1 at ¶ 42]. Mejias's unlawful entry and continued unlawful presence in the United States are undisputedly valid reasons for confining him during removal proceedings. *See* 8 U.S.C. §§ 1182(a)(6)(A)(1), 1227(a)(1)(A). Accordingly, Mejias's due-process claim is ill-suited for a habeas proceeding, which is "not available to review questions unrelated to the cause of detention."[1] *See Pierre*, 525 F.2d at 935 (emphasis added).

Due-process challenges to procedures like bond hearings, which "affect[] the timing of [a prisoner's] release from custody," must normally be brought via a civil-rights action, not a habeas proceeding. *See Carson*, 112 F.3d at 820–21. A habeas petition is the proper device for raising such a challenge only when the challenged procedure would result in the petitioner's automatic release from custody if adequately performed. *See id*.

---

[1] *See also Wilkinson v. Dotson*, 544 U.S. 74, 86 (2005) (Scalia, J., concurring).

Here, a properly conducted bond hearing would not invariably result in Mejias being granted bond. *See* 8 C.F.R. §§ 236.1(d)(1), 1236.1(d)(1). Even if an alien receives a bond hearing, the presiding immigration judge may order the alien's continued detention. *Id*. §§ 236.1(d)(1), 1236.1(d)(1). Because a bond hearing would not have guaranteed Mejias's release from custody, his failure to receive one does not entitle him to habeas relief. *See Carson*, 112 F.3d at 820–21. If a violation of federal law occurred, it was not by way of Mejias's detention, but the Government's failure to provide him with a bond hearing once he was already detained. *See* 8 C.F.R. §§ 236.1(d)(1), 1236.1(d)(1). Accordingly, a habeas proceeding is not the proper arena for Mejias to raise a due-process challenge to the Government's failure to afford him a bond hearing. *See Carson*, 112 F.3d at 820–21.

**B. Equal Protection**

Mejias also argues that 8 U.S.C. § 1225's mandatory-detention scheme violates equal protection. This argument fails on the merits. According to Mejias, section 1225 arbitrarily discriminates against illegal-entrant aliens by mandating detention for them, but not for aliens who enter the United States legally and stay longer than permitted. See [Dkt. 1]. However, not all discrimination violates equal protection—only discrimination between "similarly situated" persons. *See Hines v. Quillivan*, 982 F.3d 266, 272 (5th Cir. 2020). Aliens who enter the United States without inspection are not similarly situated to aliens who enter the country legally but unlawfully remain in the country past a certain date. Aliens seeking entry visas must undergo rigorous screening and may be denied permission to enter if deemed a security risk. *See, e.g.*, 8 U.S.C. § 1202(b) (requiring visa applicants to submit police records and jail records along with their applications). Of course, aliens who illegally enter the United States undergo no such vetting process. Accordingly, requiring pre-removal detention for illegal entrants, but not aliens who remain in the United States after their entry documents expire, does not violate equal protection. *See Hines*, 982 F.3d at 272.

**C. APA**

Mejias argues that the Government violated the APA by failing to consider mitigating factors

like his lack of recent criminal history. [Dkt. 1 at ¶ 54]. The Court lacks jurisdiction to decide the merits of Mejias's claim, since it is "unrelated to the cause of [his] detention." *See Pierre*, 525 F.2d at 935–36. Because Mejias is an illegal entrant, the Government must detain him under 8 U.S.C. § 1225 regardless of whether he has past criminal convictions or pending asylum applications. See *Buenrostro-Mendez v. Bondi*, 166 F.4th 494, 505–06. Accordingly, Mejias must bring this claim in a separate, non-habeas proceeding. *See Carson*, 112 F.3d at 820–21; *Orellana v. Kyle*, 65 F.3d 29, 31 (5th Cir. 1995).

**D. Unlawful Detention**

Mejias first claims to be unlawfully detained under 8 U.S.C. § 1225(b)(2)(A), which provides for the mandatory detention of "applicants for admission" who are not deemed "clearly and beyond a doubt entitled to be admitted." *See* 8 U.S.C. § 1225(b)(2)(A). Mejias argues that 8 U.S.C. § 1226(a) applies to cases like his. Under section 1226(a), an alien "may be arrested and detained pending a decision on whether [he] is to be removed from the United States." 8 U.S.C. § 1226(a). The Attorney General has discretion to release or "continue to detain" aliens detained pursuant to section 1226(a). *See id*. § 1226(a)(1)–(2).

Even if Mejias is correct, and section 1225(b) is inapplicable, section 1226(a) nonetheless permits his continued detention during removal proceedings. *See id*. Section 1226(a) provides that "an alien may be arrested and detained" pending removal proceedings. § 1226(a). The Attorney General "may continue to detain the alien" or decide to release the alien on custody-redetermination. § 1226(a)(1)–(2). Section 1226(a) mentions nothing about custody redeterminations by immigration judges. *See id*. Here, the Attorney General, using her discretion under section 1226(a), has chosen to detain Mejias pending his removal proceedings. Hence, Mejias is lawfully detained under the INA, whether or not he receives a custody-redetermination hearing. *See id*.

## IV. CONCLUSION

It is therefore **ORDERED** that Mejias's Petition for Writ of Habeas Corpus [Dkt. 1] is hereby **DENIED**. This constitutes a **FINAL JUDGMENT** and the Clerk is **INSTRUCTED** to close this matter.

**SIGNED this 15th day of August, 2026.**

Michael J. Truncale
United States District Judge